IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

WILFREDO ARIAS RAMIREZ,

Petitioner,

vs.

DONALD J. TRUMP, President of the United States; TODD BLANCHE, Attorney General, United States; MARKWAYNE MULLIN, Secretary, Department of Homeland Security; PETER BERG, Minnesota Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; WARDEN OF MCCOOK DETENTION FACILITY, McCook, Nebraska; and ALLEN GILL, Deputy Director, U.S. Immigration & Customs Enforcement;

Respondents.

**4:26CV3377**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Arias Ramirez's petition for a writ of habeas corpus. (Filing No. 1). Arias Ramirez, a noncitizen detained by U.S. Immigration and Customs Enforcement, alleges his detention has become unconstitutionally prolonged. But as the Eighth Circuit has held, due process imposes no time limit on detention pending removal, so his petition will be denied. *Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024).

## BACKGROUND

Arias Ramirez is a noncitizen who has resided in the United States for more than twenty years. (Filing No. 1 at 6). He entered the United States in June 1999, and at that time he was not admitted or paroled after inspection by an immigration officer. (Filing No. 1-1 at 1). On May 29, Arias Ramirez was granted temporary protected status. On August 1, 2011, Arias Ramirez was

paroled into the United States via advance parole at Atlanta, Georgia. His temporary protected status expired on March 9, 2025.

U.S. Immigration and Customs Enforcement (ICE) detained Arias Ramirez in Fremont, Nebraska following a meeting with his probation officer. (Filing No. 1 at 6). ICE initiated removal proceedings in July, 2025. (Filing No. 1-1 at 1). Arias Ramirez states that he was previously denied bond by the immigration judge. (Filing No. 1 at 6). Altogether, Arias Ramirez has remained detained in immigration custody for over 17 months and is presently at the McCook Detention Center. (Filing No. 1 at 2).

Arias Ramirez's application for permanent residency was denied by an immigration judge, and an appeal followed and remains pending. (Filing No. 1 at 6). Arias Ramirez had not yet received a decision on the appeal at the time that he filed his Petition in this court. (Filing No. 1 at 7). The appeal with the Board of Immigration Appeals has been pending for more than one year with no expected date of completion. (Filing No. 1 at 7).

ICE has not performed a custody review on Arias Ramirez because it determined that he is subject to mandatory detention pending the appeal. (Filing No. 1 at 2).

Arias Ramirez petitioned for habeas relief and filed a motion for an order to show cause. (Filing No. 1; Filing No. 2). He challenges his "prolonged" detention as a violation of 8 U.S.C. § 1231(a)(6), the Due Process Clause of the Fifth Amendment, and the Eighth Amendment prohibition on "[e]xcessive bail." (Filing No. 1 at 7-23). He therefore seeks immediate release or, alternatively, an order directing the Respondents to provide him a bond hearing. (Filing No. 1 at 23-24).

**STANDARD OF REVIEW**

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Constitution guarantees that the writ of habeas corpus is available to every individual detained within the United States. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. Art. I, § 9, cl. 2). The Court's jurisdiction to hear habeas challenges extends to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Under 28 U.S.C. § 2241, a district court can grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2241(c)(3). Arias Ramirez bears the burden to show his custody is unlawful. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

**DISCUSSION**

28 U.S.C. § 2243 provides that the Court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Here, the face of Arias Ramirez's petition shows he is not entitled to habeas relief. For the reasons stated below, then, the Court will deny his petition without requiring the Respondents to show cause.

Though there is no precise timetable for the conclusion of Arias Ramirez's pending removal proceedings, the Eighth Circuit has held that "[d]ue process imposes no time limit on detention pending deportation[.]" *Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024). "The rule has been clear for decades: '[d]etention during deportation proceedings [i]s . . . constitutionally valid.'" *Id.* (quoting *Demore v. Kim*, 538 U.S. 510, 523 (2003)). Because "Congress may make rules as to aliens that would be unacceptable if applied to citizens," the government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* (quoting *Demore,* 538 U.S. at 526). "In other words, the government has more flexibility when dealing with immigration." *Id.*

In the detention context, that flexibility is not temporally limited. "[N]othing suggests that length determines legality" of immigration detention during removal proceedings. *Id.* at 932. "To the contrary, what matters is that detention pending deportation 'ha[s] a definite termination point'—deporting or releasing the alien—making it 'materially different' from the 'potentially permanent' confinement authorized by other statutes." *Id.* (quoting *Demore,* 538 U.S. at 528-29); *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("Read most naturally, §§ 1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded."); *Zadvydas,* 533 U.S. at 697 (drawing the same definite-versus-indefinite distinction). There are, then, no "constitutional problem[s]" with detaining a noncitizen during removal proceedings when "deportation is still on the table." *Banyee,* 115 F.4th at 933; *see Demore,* 538 U.S. at 528 ("explaining that, "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means," so it is sufficient if "detention necessarily serves the purpose of preventing deportable aliens from fleeing prior to or during their

removal proceedings"). Or more simply put, the "bright-line rule" is that "the government can detain an alien for as long as deportation proceedings are still '*pending*.'" *Banyee,* 115 F.4th at 933 (quoting *Demore*, 538 U.S. at 527) (emphasis in original). For Arias Ramirez, his proceedings are still pending. (Filing No. 1 at 2).

Here, *Banyee* forecloses Arias Ramirez's prolonged detention claim. "What is important is that, notwithstanding the delay, deportation remains a possibility." *Id.* at 933. Arias Ramirez, "after all, is appealing an order that *requires* his removal[.]" *Id.* at 934 (emphasis in original). His detention has a definite termination point: removal or release if he prevails before the Board of Immigration Appeals. His detention during the appellate process is therefore "constitutionally permissible" because his removal "proceedings are still pending." *Id.* at 932, 933 (citation modified). Since Arias Ramirez is not subject to a final removal order, his *Zadvydas* claim is premature. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001).

Arias Ramirez's arguments regarding the purpose of his detention fare no better. In *Demore,* the Supreme Court recognized detention of "deportable" noncitizens "pending their removal proceedings" *categorically* "serves the purpose of preventing [removable noncitizens] from fleeing prior to or during their removal proceedings, thus increasing the chance that" all "will be successfully removed." 538 U.S. at 528. Arias Ramirez's detention therefore continues to serve the legitimate purpose of preventing flight during his ongoing removal proceedings.

Arias Ramirez also contends that "the government's categorical denial of bail to certain noncitizens violates the right to bail encompassed by the Eighth Amendment," and therefore his "ongoing prolonged detention without a bond hearing violates the Eighth Amendment." (Filing No. 1 at 22); *See Jennings v. Rodriguez*, 583 U.S. 281, 331 (2018) (Breyer, J, dissenting). This argument is unavailing. Removal proceedings are civil, not criminal, in nature. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The Supreme Court has held that deportation does not constitute punishment. *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984). Therefore, the Eighth Amendment does not apply to purely civil immigration detainees such as Arias Ramirez. *See Elia v. Gonzales*, 431 F.3d 268, 276 (6th Cir. 2005); *Alvarado v. Guthrie*, 2026 WL 1153063, at *3 (M.D. Fla. Apr. 29, 2026); *Rashid v. Trump*, 807 F. Supp. 3d 349, 358 (D. Vt. 2025); *Jimenez v. Current or Acting Field Off. Dir.*, 2024 WL 714659 (N.D. Cal. Feb. 21, 2024); *See also Carlson v. Landon*, 342 U.S. 524, 544–546 (1952) (Eighth Amendment does not require bail to be available

in certain deportation cases). Even if the Eighth Amendment applied to Arias Ramirez, he does not show why the government's interests here would not satisfy the Excessive Bail Clause. The government's interests discussed above that support immigration detention without an individualized hearing during removal proceedings under the Due Process Clause would also satisfy any requirements under the Excessive Bail Clause. *See Sankara v. Barr*, 2019 WL 1922069 (W.D.N.Y. Apr. 30, 2019) (citing *Demore*, 538 U.S. at 518, 527-28). Arias Ramirez is not entitled to habeas relief on the ground that his immigration detention violates the Eighth Amendment's prohibition against excessive bail.

Accordingly,

**IT IS ORDERED:**

1. Petitioner Arias Ramirez's Petition for a Writ of Habeas Corpus (Filing No. 1) is denied.
2. Petitioner Arias Ramirez's Motion for Issuance of Order to Show Cause (Filing No. 2) is denied.
3. A separate judgment will be entered.

Dated this 16th day of November, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge